ELLIS, Judge:
This suit is brought by Reverend Al-bertus Lee DeLoach and his insurer, Employers Fire Insurance Company, for damage suffered by the DeLoach automobile in a collision with an automobile owned and driven by John Simon Peak. After trial on the merits, judgment was rendered dismissing plaintiffs’ suit at their cost, and they have appealed.
Reverend DeLoach testified that he was driving east on Highway 190 and was awaiting an opportunity to pass a large van. After a line of west-bound traffic had cleared, the driver of the van signalled that the way was clear. Reverend DeLoach said that he looked ahead, and, seeing no oncoming traffic, began his passing maneuver. When he was alongside the van, he stated he saw the Peak car enter the west-bound lane of the highway. He applied his brakes, and his vehicle skidded sideways down the highway and struck the Peak car, which was trying to get onto the shoulder, on its left rear. He claims that Mr. Peak’s negligence, in failing to yield the right of way to a vehicle on the highway, was the proximate cause of the accident. R.S. 32:124.
*262 Mr. Peak testified that he first stopped his car at the edge of the highway to allow traffic to clear, and, having observed his lane of traffic to be clear in both directions, entered the highway. After he entered the highway, he stated that plaintiff’s vehicle then pulled into his lane to pass the truck. Mr. Peak attempted to get onto the shoulder of the road, but was unable to avoid the accident. He claims that plaintiff’s negligence in attempting to pass when the passing lane was not clear is the sole proximate cause of the accident.
The only eye witness to the accident confirmed that Mr. Peak was on the highway before plaintiff began his passing maneuver.
The trial judge accepted the defendant’s version of the facts, and under the circumstances outlined above, we cannot say that in so doing he was manifestly erroneous. That being the case, plaintiff was at fault in attempting to pass when it was not safe to do so. R.S. 32:75. The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.